### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FICK & MARX LLP,<br>     *Plaintiff*,<br><br>v.<br><br>JOSEPH BAPTISTE,<br>     *Defendant*. | No. __23-cv-12097__<br><br>**COMPLAINT** |

### INTRODUCTION

1. After Defendant Joseph Baptiste was found guilty by a jury in *United States v. Baptiste et al.*, No. 17-cr-10305-ADB (D. Mass.), but before he was sentenced, Baptiste engaged Plaintiff Fick & Marx LLP ("F&M") to take over the defense of his federal criminal case.

2. As Baptiste's counsel, F&M successfully moved for a new trial, defended that order on appeal by the government, and then, together with co-defendant's counsel, discovered *Brady* material that had not previously been disclosed, leading to the dismissal by the government of all charges on June 28, 2022, shortly before the second trial was set to begin.

3. On July 7, 2022, F&M issued a final invoice for $142,570.94 in fees and expenses to Baptiste for its work on his case. Baptiste has never disputed that the invoice was correct or that the balance is due. To the contrary, he has repeatedly promised to pay F&M. But more than one year later, Baptiste still has not paid.

4. As a result, Baptiste owes $161,366.86 as of September 11, 2023, in fees, expenses, and interest to F&M.

1

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a) because (a) the amount in dispute exceeds $75,000, exclusive of interest and costs and (b) there is complete diversity among the Parties.

6. Venue is proper in this District because (a) events underlying this action occurred in Massachusetts and (b) in their engagement agreement, the Parties agreed that any claim arising out of, or in any way relating to, that agreement must be brought in this Court (or a state court in Massachusetts).

## PARTIES

7. Plaintiff Fick & Marx LLP is a law firm that represents clients in criminal, civil, and appellate matters. F&M is registered as a limited liability partnership in Massachusetts. The firm maintains its offices at 24 Federal Street, 4th Floor, Boston, Massachusetts, and both of its partners are residents of Massachusetts.

8. Defendant Joseph Baptiste, who was a defendant in *United States v. Baptiste et al.*, No. 17-cr-10305 (D. Mass.), is a natural person and resident of Maryland. Baptiste owns a dental practice, Dr. Joseph Baptiste Dental Clinic, in Silver Spring, Maryland, and a large, single-family home at 7224 Preservation Court, Fulton, Maryland, where he lives.

## FACTS

9. On August 28, 2017, a criminal complaint issued in this District against Baptiste.

10. On August 29, 2017, Baptiste was arrested.

11. Around that time, Baptiste engaged Attorney Donald LaRoche to defend him.

12. On October 4, 2017, a grand jury in this District returned a three-count indictment against Baptiste, charging conspiracy in violation of 18 U.S.C. § 371, offenses under the Travel Act in violation of 18 U.S.C. § 1952, and money laundering in violation of 18 U.S.C. § 1956(h).

13. On October 30, 2018, a grand jury returned a superseding indictment, charging the same offenses and adding co-defendant, Roger Richard Boncy.

14. Starting on June 10, 2019, trial was held, and on June 20, 2019, the jury returned a verdict finding Baptiste guilty on all counts. (The jury found Baptiste's co-defendant guilty of one count.)

15. After that verdict, on July 4, 2019, Baptiste engaged F&M to take over his defense by signing a written engagement letter ("First Agreement") for work in the District Court.

16. On July 16, 2019, F&M appeared as Baptiste's new counsel.

17. On July 19, 2019, Attorney LaRoche moved to withdraw as counsel, and the Court allowed his motion.

18. On August 26, 2019, on Baptiste's behalf, F&M moved for acquittal pursuant to Fed. R. Crim. P. 29 and a new trial pursuant to Fed. R. Crim. P. 33.

19. The government opposed both motions.

20. After extensive briefing and an evidentiary hearing, on March 11, 2020, the Court denied the motion for acquittal but allowed the motion for a new trial, ruling that Baptiste had received ineffective assistance of counsel at trial.

21. On April 6, 2020, the government appealed from the order for a new trial.

22. On April 29, 2020, Baptiste engaged F&M to represent him on appeal by signing a second written engagement letter ("Second Agreement") for work in the Court of Appeals.

23. After full briefing and oral argument, on August 9, 2021, the First Circuit affirmed the order for a new trial.

24. On September 15, 2021, the Court set the second trial for July 5, 2022.

25. From September 2021 through June 2022, F&M performed extensive work to prepare for a new trial, including drafting and filing multiple motions *in limine*. During that time, F&M and Baptiste engaged in negotiations aimed at agreeing upon a fixed fee for the new trial in lieu of hourly billing under the First Agreement.

26. On June 10, 2022, Baptiste signed a third written engagement letter ("Third Agreement") in which he agreed to pay a fixed fee of $300,000 for work from September 2021 through the conclusion of the anticipated new trial.

27. Baptiste represented to F&M that he would be able to pay the agreed-upon fix fee from the proceeds of one or more anticipated real estate transactions.

28. Due to concern that Baptiste might be unable to complete the transactions before his trial was scheduled to begin, and might never be able to pay if convicted, on June 14, 2022, F&M moved to be provisionally appointed as CJA counsel for Baptiste, and on June 15, 2022, the Court allowed that motion.

29. In advance of the second trial, F&M, along with counsel for Baptiste's co-defendant, conducted extensive investigation and preparation, and those efforts led to the discovery of *Brady* material that the government had not disclosed before the first trial.

30. On June 27, 2022, about one week before trial, the government moved for leave to dismiss all charges against Baptiste and his co-defendant. In its motion, the government stated:

> As grounds for this request, the government notes that, as it previously notified the Court and the parties, on the evening of June 23, 2022, the Federal Bureau of Investigation ("FBI") provided the prosecution team with contemporaneous writings

    about the content of December 19, 2015 calls between defendant Boncy and an undercover agent that had not been previously disclosed the prosecution team. The government provided this information to the defense on June 24, 2022. In light of the Court's Rule 33 decision vacating the prior convictions, which was affirmed on appeal, the loss of the December 19 recordings, and the belated disclosure of communications concerning the content of the December 19 recordings, the government seeks to exercise its discretion and dismiss the Superseding Indictment. As a result, the government is not seeking a retrial. Finally, the government submits that dismissal with prejudice serves the interests of justice.

31. On June 28, 2022, the Court allowed the motion to dismiss all charges and closed the criminal case against Baptiste and his co-defendant.

32. F&M has never sought or received any compensation from the Court for any work as provisional CJA counsel for Baptiste, and it does not intend to do so because the case was dismissed and Baptiste has substantial income and assets.

33. Although Baptiste agreed in the Third Agreement to pay F&M a fixed fee of $300,000 to represent him at his second trial, on July 7, 2022, F&M issued its final invoice to Baptiste in the amount of $142,570.94, only for the actual hours that F&M had worked and the expenses that it had incurred.

34. The final invoice from F&M, which was payable within 30 days by August 6, 2022, represented a discount of more than 50 percent—over $150,000 less than Baptiste had agreed to pay.

35. Baptiste has never contested the validity of the final invoice from F&M; to the contrary, he has expressly acknowledged he owes the balance and repeatedly promised to pay it.

36. To date, however, Baptiste has not made any payments toward the amount due under the invoice.

37. F&M has attempted, over the past year, to work with Baptiste to arrange payment, possibly through an installment plan, but those efforts have not been successful.

38. As a result, Baptiste still owes $142,570.94 in fees and expenses to F&M.

39. In addition, F&M is entitled to statutory interest, pursuant to G.L. c. 231, § 6C, at the annual rate of 12 percent, from August 6, 2022, the date when Baptiste breached the Third Agreement by failing to pay the invoice.

40. As a result, Baptiste also owes $18,795.92 as of September 11, 2023, in interest to F&M, and that interest continues to accrue under state law.

## CLAIMS

### Count I
### Breach of Contract

41. F&M incorporates by reference all foregoing paragraphs and, in support of Count I, further alleges as follows:

42. Baptiste entered an enforceable contract with F&M by signing the Third Agreement and engaging F&M to represent him at his second trial.

43. F&M performed its obligations under the contract by defending Baptiste in connection with his second trial and obtaining the dismissal of all charges.

44. Baptiste breached the agreement by failing to pay F&M for its fees and expenses as required by the contract.

45. Due to the breach by Baptiste, F&M has suffered damages.

### Count II
### Breach of Implied Covenant of Good Faith and Fair Dealing

46. F&M incorporates by reference all foregoing paragraphs and, in support of Count II, further alleges as follows:

47. Under Massachusetts law, all contracts, including the Third Agreement, contain an implied covenant of good faith and fair dealing.

48. Baptiste breached the implied covenant by failing to pay F&M for its fees and expenses as required by the contract and by repeatedly, but falsely, promising to pay.

49. Due to the breach by Baptiste, F&M has suffered damages.

### Count III
### Quantum Meruit/Unjust Enrichment

50. F&M incorporates by reference all foregoing paragraphs and, in support of Count III, further alleges as follows:

51. F&M conferred a benefit on Baptiste by providing valuable legal services to him.

52. F&M reasonably expected to be fairly compensated by Baptiste.

53. Baptiste knowingly benefitted from the legal services that F&M provided.

54. When Baptiste accepted the legal services that F&M provided, he knew that F&M expected to be fairly compensated for its services.

55. Baptiste has not fairly compensated F&M for its services.

56. Because Baptiste has failed to fairly compensate F&M for the valuable services that he accepted, and because Baptiste obtained the benefit of those valuable services at the expense of F&M, equity and good conscience require Baptiste to pay for the legal services that F&M provided.

### PRAYER FOR RELIEF

57. WHEREFORE, Plaintiff Fick & Marx LLP prays for relief as follows:

   a. Damages in an amount to be determined at trial;

   b. Pre- and post-judgment interest; and

   c. All other relief as the Court may deem in the interest of justice.

                              Respectfully submitted,

                              **FICK & MARX LLP**

                              By its attorneys,

                              */s/ Daniel N. Marx*
                              Daniel N. Marx (BBO#674523)
                              William W. Fick (BBO#650562)
                              FICK & MARX LLP
                              24 Federal Street, 4th Floor
                              Boston, MA  02110
                              (857) 321-8360
                              *dmarx@fickmarx.com*
                              *wfick@fickmarx.com*

Dated: September 12, 2023